In the Matter of:

Sonia Nicole Leggs,

           Complainant,

vs..

Janet Napolitano,
Secretary,
Department of Homeland Security and
John S. Pistole,
Administrator
Transportation Security Administration,

          Agency.

_____/

**RECEIVED**
IN CLERK'S OFFICE

JUL 1 3 2010

U.S. DISTRICT COURT
MID. DIST. TENN.

Appeal No.:  0120083525
EEOC Case No.: 510-2007-00338X
Agency Case No.: HS-05-TSA-001627

# Right to File Civil Action

In accordance to the Decision by the US Equal Employment Opportunity Commission signed on April 16, 2010, I am submitting my Right to File Civil Action. **(See Attached Complainant's Right to File Civil Action, page 5 of US EEOC Decision)**

**COMPLAINT**

For duration of employment with the Department of Homeland Security, Transportation Security Administration, Miami International Airport, I worked in a specialized detailed, Workers Compensation Specialist, (OWCP) from November 2002 - March 5, 2005, received scholastic achievements and excelled in the specialty field on behalf of the agency.

1. However, the OWCP Specialist specialty was never legally documented per federal employee policy to reflect on the Notice of Personnel Action, (SF50) indicating pay band or level of specialty.

2. Also, while working as the OWCP Specialist, I maintained certification requirements

as per my hired title of Transportation Screening Officer which also violated my rights as a federal employee due to the burden of working two different work assignments are prohibited in the federal employee policy.

While working as the OWCP Specialist, it was my initial responsibility to meet the need of the injured employee, while protecting the interest of the agency  according to the Department of Labor, Office of Workers Compensation Program (OWCP) rules and regulation, (governed by the FECA Law).  The OWCP Specialist role of liaison on behalf of the agency is providing clear interpretation of the OWCP program regulations, was highly compromised by the TSA Miami Administration during the Fall of 2004.  As a result of the compromised situation;

1. I was subjected to various forms of retaliation by the TSA Miami Administration.

2. Ultimately, I was forced to resigned as the OWCP Specialist for TSA Miami in an effort to avoid the recent perpetual harassment by the administration as well as any legal liability of the OWCP violations that I advised the administration against.  I resumed my role as the Lead Transportation Security Officer (LTSO), March 2005.

3. Once I returned to Operation as the LTSO, continued harassment followed as well as blatant retaliation, all stemmed from the TSA Miami Administration.

4. For the period of November 2002 - March 2005, discrimination by design in that there were no African Americans working on the Executive Board under Federal Screening Director, Rick Thomas.  The TSA Miami Administration refused to place me in a permanent position, ignoring recommendations to do so by TSA Headquarters.

5. At the inception of the TSA Miami, Employee Service Center, in Fall of 2004, the

TSA Miami Administration began to violated many procedures under the Privacy Act, of the OWCP program, governed by the FECA Law.

6.    I was subjected to a hostile working environment created by TSA Miami Administration in the Fall of 2004 and continued until I resigned in September 2006. The hostility included but  was not limited to:

- Unjust disqualification from the promotional process
- Discriminatory working methods
- Harassment
- Retaliation

Based on the facts surrounding this matter, I respectfully request that this case be resolved by Jury Trial and the amicable resolution in the full and final settlement of all claims presented, I seek compensation in the amount of $958,000.00

Therefore I humbly request the Court to accept my Right to File Civil Action against the Department of Homeland Security, Transportation Security Administration.


Thank you.


Respectfully Submitted,


Sonia N. Leggs
PO Box 70146
Nashville, TN. 37207