IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SONIA NICOLE LEGGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 3:10-0676 |
| | ) JUDGE TRAUGER/KNOWLES |
| | ) |
| JANET NAPOLITANO, SECRETARY, | ) |
| DEPARTMENT OF HOMELAND | ) |
| SECURITY, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court upon "Defendants' Motion to Dismiss for Improper Venue or in the Alternative, Transfer Venue." Docket No. 35. Defendants have filed a supporting Memorandum. Docket No. 36. Defendants argue that the proper venue for this Title VII action is the Southern District of Florida because that district is the district in which the alleged discrimination occurred, in which the relevant employment records are maintained, and in which the Plaintiff would have continued working had she not resigned from the Transportation Security Administration. *See* 42 U.S.C. § 2000e-5(f)(3).

Plaintiff, who is proceeding pro se, has filed a document headed "Motion Requesting Transfer Venue" (Docket No. 40), which she also characterizes as a Response to Defendants' legal Memorandum. In her filing, Plaintiff states:

> I agree that it is in the best interest of all parties involved that my case be heard in the Southern District of Florida.
> . . .

> I am requesting of the Court to transfer this action pursuant to Section 28 U.S.C. 1404(a), for the convenience of the parties and witnesses and in the interest of justice, because the potential witnesses and the relevant documents are located in the Southern District of Florida.
>
> Wherefore, for reasons set forth above, I respectfully request that this case be transferred to the United States District Court for the Southern District of Florida.

Docket No. 40, p. 2.

For the foregoing reasons, the undersigned recommends that this action be transferred to the United States District Court for the Southern District of Florida.

Plaintiff's Motion/Response also states, "If the Court should grant said request, please provide detail instructions to assist Pro Se as to proper implementation of transfer." Docket No. 40, p. 2. While the Court is not at liberty to assist either party in a lawsuit, Plaintiff is advised that the Clerk of this Court will electronically transfer the case file in this action to the United States District Court for the Southern District of Florida.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge